John L. Langdoc, Esq. (C.S.B. #235509)
 jlangdoc@kazanlaw.com
Denyse F. Clancy, Esq. (C.S.B. #255276)
 dclancy@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA A. McCONNELL,<br><br>         Plaintiff,<br><br>   vs.<br><br>UNITED AIRLINES, INC.,<br><br>         Defendant. | Case No. 5:25-cv-5831<br><br>**COMPLAINT FOR:**<br>**1. VIOLATION OF THE MONTREAL CONVENTION**<br>**2. NEGLIGENCE**<br>**3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

**GENERAL ALLEGATIONS**

1. Plaintiff ANGELA A. McCONNELL ("Plaintiff") is, and at all times relevant was, an individual and resident of the State of California.

2. Defendant UNITED AIRLINES, INC. ("Defendant" or "UNITED") is an Illinois Corporation and an international commercial air carrier conducting business in California. UNITED provides air transportation for businesses, travelers, and cargo. UNITED operates flights daily in North America and elsewhere around the globe.

**SUBJECT MATTER JURISDICTION**

3. This court has original and exclusive federal question jurisdiction pursuant to 28 U.S.C.A. §1331. This is an action under the Convention for the Unification of Certain Rules for International Carraige by Air (Montreal, May 1999) (Herinafter called the "Montreal

Convention") which is an international treaty that has been ratified by the United States.[1] The District Court has subject matter jurisdiction because this case involves said Montreal Convention and thus brings a federal question.

4. This court has jurisdiction pursuant to 28 U.S.C.A. § 1332. The action is between citizens of different states wherein the amount of controversy exceeds $75,000.00. Plaintiff is a resident of the State of California and Defendant is an Illinois Corporation with its principal place of business in Texas, and an international commercial air carrier conducting business in California.

5. The Montreal Convention grants this Court subject matter jurisdiction over this case because the subject flight was "international carriage" between two "State Parties" under Article 1 of the Montreal Convention, and because:

(a) Prior to the subject flight, the United States and South Africa had signed, adopted, and ratified the Montreal Convention.[2]

(b) At the time of the subject flight (Flight UA187), the Plaintiff maintained her "principal and permanent residence," under Montreal Convention, Article 33(2), in the United States of America, specifically in Santa Clara, California.

(c) At the time of the subject flight, UNITED operated, and still operates, "services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement," Montreal Convention, Article 33(2), to locations within the United States, including and within California.

(d) At the time of the subject flight, UNITED conducted, and still conducts, "its business of carriage of passengers by air from premises" in the United States that were "leased or owned by UNITED itself or by another carrier with which UNITED ha[d] a commercial agreement," Montreal Convention, Article 33(2).

(e) At the time of the subject flight, UNITED had "a place of business," within the

---

[1] Convention for Int'l Carriage by Air, May 28, 1999, 2242 U.N.T.S. 309
[2] International Civil Aviation Organization, *Status of South Africa With Regard to International Air Law Instruments*, (July 07 2025 11:49 AM)
https://www.icao.int/secretariat/legal/Status%20of%20individual%20States/south_africa_en.pdf

meaning of Article 33 of the Montreal Convention, in the United States, including within the United States, specifically in California.

(f) The Plaintiff purchased the ticket for the subject flight—that is, the contract of carriage—in the United States, specifically in California.

(g) The destination of the subject flight was San Francisco, California in the United States, stemming from a roundtrip flight purchased in the United States to South Africa, with a subsequent return to the United States.

6. Personal jurisdiction is proper in this Court under the Due Process Clause of the U.S. Constitution because UNITED has sufficient minimum contacts with California; UNITED has purposefully availed itself of the privilege of doing business in California; and because the exercise of jurisdiction over UNITED would be fair and reasonable.

**VENUE**

7. Venue is proper in the United States District Court for the Northern District of California, (1) because plaintiff is a resident of Santa Clara, California, (2) because plaintiff entered into the contract for flight from Santa Clara, California, and (3) the flight's destination was San Francisco, California. Additionally, Venue of this proceeding is proper because Defendant does business within the jurisdiction of the Northern District of California.[3]

Because San Francisco was the ultimate destination of the international carriage of Plaintiff, venue is proper here pursuant to Article 33(a) of the Montreal Convention. Plaintiff has her principal and permanent residence in Santa Clara, California, and Defendant UNITED operates service for the carriage of passengers by air from San Francisco International Airport in San Francisco, California. Venue is proper in the United States District Court for the Northern

---

[3] The Montreal Convention specifies the jurisdictions where a personal injury claim can be brought. Article 33 of the Convention allows actions for damages to be brought in the territory of a State Party where the carrier has a place of business through which the contract was made or at the place of destination. Convention for Int'l Carriage by Air, May 28, 1999, 2242 U.N.T.S. 309 art. 33; *Vumbaca v. Terminal One Group Ass'n L.P.*, 859 F.Supp.2d 343 (2012); *Motlagh v. Qatar Airways*, Q.C.S.C., 445 F.Supp.3d 852 (2020). With respect to the place where the carrier "has a place of business through which the contract has been made," courts have held that even if the defendant carrier's ticket agent or a different carrier has sold the plaintiff his or her ticket for the defendant's flight, the place where the ticket was purchased or issued may properly be treated as the defendant's "place of business through which the contract has been made." See generally, 8A AM. JUR. 2D AVIATION § 172.

District of California to bring Plaintiff's personal injury action under Article 33(2) of the Montreal Convention. Therefore, Venue is proper in this District under 28 U.S.C. § 1391.

**PARTIES**

8. The Plaintiff, ANGELA A. McCONNELL, is, and at all times relevant was, an individual and resident of the State of California over the age of 18 years and sui juris in all other respects.

9. Defendant UNITED AIRLINES, INC., is an Illinois Corporation and maintains its principal place of business in Houston, Texas.

**FACTUAL AND LEGAL ALLEGATIONS**

10. On July 13, 2023, UNITED was a commercial air carrier engaged in the business of fare-paying passengers on regularly scheduled international flights in aircrafts, owned, leased, operated, managed, maintained, and controlled by UNITED and its agents and employees.

11. On July 13, 2023, UNITED owned, operated, maintained, and otherwise controlled the subject flight by and through its agents or employees who were acting within the scope of their employment, and was responsible for the subject flight and the actions of their flight crew.

12. Plaintiff purchased a ticket on June 12, 2023, from UNITED for a round-trip flight from San Francisco to Johannesburg back to San Francisco. This flight was purchased for pleasure with Plaintiff's three adult children and fiancé. The flight was purchased in California.

13. The departing flight was on Friday June 30, 2023, from San Francisco CA US (SFO). First to New York/Newark, NJ, US (EWR) on flight 1442, then connecting from EWR to Johannesburg, ZA (JNB) South Africa Flight 188.

14. The return flight was where the incident occurred. Flight UA187 departed from Johannesburg, ZA (JNB), South Africa on July 13th, 2023, first to New York/Newark, NJ (EWR), United States for the subsequent connection to San Francisco, CA (SFO) on July 14th, 2023, on flight UA 1890.

15. Approximately two hours into the over 10-hour return flight on UA 187 - the flight where the incident occurred - shortly after the dinner service concluded and beverage service commenced, Plaintiff requested tea from the flight attendant.

16. The flight attendant brought the boiling water and tea to the Plaintiff but failed to securely place the items on the Plaintiff's tray table, spilling scalding hot water over Plaintiff's lower body.

17. Plaintiff suffered severe and agonizing burns. Plaintiff experienced intense pain unrelenting pain. The skin on Plaintiff's leg tore away resulting in an open burn wound. The following photograph depicts Plaintiff's severe burn injuries:



18. UNITED offered no medical assistance. Only after an extended period of time and elongated pain, UNITED brought a small baggie of ice for the Plaintiff which only exacerbated the

pain and led to further skin damage.

19. Approximately three hours later, attendants merely brought gauze to wrap the wound, but despite the severity of her injury and visible pain, the crew still failed to provide adequate medical care, or request such care, or consult with any potential medical professional on board through the in-flight communication system.

20. Plaintiff experienced intense pain and suffering from the burn for the remainder of the international flight with little to no assistance.

21. As a direct and proximate result of UNITED's negligence and failure to use reasonable care in handling the boiling liquid, Plaintiff was diagnosed with sustained 2nd degree burns.

22. Upon arrival in Newark, there was no attempt to provide emergency care to the Plaintiff, nor provide any escort to such medical facility as represented by the carrier during the flight. To add insult to injury, Plaintiff was intentionally dismissed by UNITED employees who were indecent and callous toward the Plaintiff even though she was suffering harm.

23. Upon showing her wounds to the UNITED employees and requesting additional bandaging, she was informed that due to UNITED protocol, the first aid kit would not be opened to change her dressing.

24. Plaintiff landed at her final destination on Friday, July 14th, 2023, and sought immediate medical attention upon landing in San Francisco. She was evaluated at Palo Alto Medical Foundation urgent care and diagnosed with severe burns.

25. As a result of this incident, Plaintiff has been receiving ongoing treatment at the Santa Clara Valley Medical Center's Burn Unit.

26. Despite personally sought and paid for treatment, Plaintiff will continue to suffer from permanent scarring on her legs, pain, anxiety, embarrassment, and psychological trauma all directly resulting from the incident and UNITED's failure to provide a safe environment and adequate response.

27. At all relevant times, UNITED and its employees owed a heightened duty of care to Plaintiff as fare-paying international passenger under federal common law and applicable treaties, including but not limited to the Convention for International Carriage by Air, otherwise known as

the Montreal Convention.

28. As a direct and proximate result of UNITED negligence, carelessness, breach of duty, and other misconduct, the Plaintiff suffered physical injuries including severe burns, permanent scarring, emotional distress, ongoing anxiety, and diminished enjoyment of life for which UNITED is liable.

29. Plaintiff seeks general and special damages, including but not limited to medical expenses, pain and suffering, emotional distress, and any other damages according to proof at trial.

**FIRST CAUSE OF ACTION: VIOLATION OF THE MONTREAL CONVENTION**

30. The Plaintiff incorporates by reference the allegations in paragraphs 1 – 29 as if fully set forth herein.

31. On July 13, 2023, UNITED was the carrier of the Plaintiff on board United Airlines Flight No. 187 in international carriage from South Africa to the United States of America.

32. At the time of the subject flight on July 13, 2023, there was in force and effect in the United States and South Africa a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention.[4]

33. At the time of injury, the Plaintiff was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore, applicable to this action pursuant to Article 1(1) of the Montreal Convention.

34. Pursuant to Article 17 of the Montreal Convention, UNITED, as the carrier, is strictly liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

35. The Plaintiff suffered an accident under Article 17 of the Montreal Convention when UNITED failed to act reasonably in handling the hot liquid and such failure and denial constituted an unexpected or unusual event or happening that was external to the Plaintiff and that caused her

---

[4] International Civil Aviation Organization, *Status of South Africa With Regard to International Air Law Instruments*, (July 07 2025 11:49 AM)
https://www.icao.int/secretariat/legal/Status%20of%20individual%20States/south_africa_en.pdf

7  Case No. 5:25-cv-5831
COMPLAINT FOR 1. VIOLATION OF THE MONTREAL CONVENTION 2. NEGLIGENCE 3. IIED

injury.[5]

36. The Plaintiff suffered an accident under Article 17 of the Montreal Convention when she was burned by the hot liquid as direct and proximate result of UNITED having failed to use caution and provide adequate medical attention after the incident and as such, the burns were unexpected or unusual events or happenings that were external to the Plaintiff.

37. UNITED's liability under the Montreal Convention is absolute up to the max Special Drawing rights (SDR) pursuant to Article 21(1).

38. Pursuant to Article 21(2) of the Montreal Convention, UNITED is liable to the Plaintiff for all personal injury damages *exceeding* the Special Drawing Rights (SDR), unless the carrier proves: (a) the injuries were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries were solely due to the negligence or other wrongful actions or omissions of a third party.

39. The Plaintiff's damages exceed 113,100 Special Drawing Rights (SDR).

40. At all times material, UNITED was under a duty to use reasonable care and exercise the highest degree or care in the safety of its passengers during their services during their international flight from South Africa to the United States.

41. UNITED breached its duty to use reasonable care and exercise the highest degree of care by, among other things:

    (a) Failing to exercise reasonable care in the safety of its passengers, specifically, the Plaintiff, during food and beverage services;

    (b) Placing the Plaintiff—while in its control, direction, and instruction—in a position of peril and risk of injuries;

    (c) Failing to follow applicable regulations and protocol, including its own, handling of hot liquids;

    (d) Failing to ensure that the operators and flight crew of the subject aircraft used standard, reasonably prudent, and acceptable techniques and skills in the services

---

[5] See *Air France v. Saks,* 470 U.S. 392 (1985) (Supreme Court defined an Article 17 "accident", holding that an "accident" was an unexpected or unusual event or happening that is external to the passenger.)

provided to customers of the flight;

(e) Failing to properly train, supervise, and monitor flight crews;

(f) Otherwise, being negligent and legally liable under applicable law.

42. As a direct and proximate result of UNITED AIRLINES actions and omissions, the Plaintiff suffered permanent injury including, but not limited to:

(a) Bodily injury, scarring, resulting pain, suffering, disability, and disfigurement;

(b) Mental anguish;[6]

(c) Loss of capacity for the enjoyment of life;

(d) Loss earning and loss of ability to earn money; and

(e) Hospitalization, medical treatment, and care which losses are either permanent or will continue in the future.

WHEREFORE, the Plaintiff demands judgment in excess of the jurisdictional limits of this Court against UNITED for compensatory damages and costs, together with interest and such other relief as this Court deems appropriate.

## SECOND CAUSE OF ACTION: NEGLIGENCE

43. The Plaintiff incorporates by reference the allegations in paragraphs 1 – 42 as if fully set forth herein.

44. At all times that were material, UNITED, as a common carrier, was under the highest duty to ensure its passengers a safe voyage, and to exercise the highest degree of care to prevent injury of any kind during food and beverage services.

45. UNITED breached its duty to use reasonable care and exercise the highest degree of care by, among other things:

(a) Failing to exercise reasonable care in the safety of its passengers, during food and beverage services and in not providing appropriate medical care;

(b) Placing the Plaintiff in a position of immediate danger and risk of injuries;

(c) Failing to follow applicable regulations and protocol for beverage services;

---

[6] The Convention allows passengers to recover damages for mental anguish or other nonphysical injuries that arise from the same accident that caused a bodily injury. *Doe v. Etihad Airways, P.J.S.C.*, 870 F.3d 406 (2017)

(d) Failing to ensure the operators and fight crew of the subject aircraft used standard, reasonably prudent, and acceptable techniques and skills in the beverage services of the flight and medical treatment for passengers suffering burns;

(e) Failing to properly train, supervise, and monitor flight crews;

(f) Failing to warn passengers on the subject flight of the danger due to UNITED's failure to provide a flight crew capable, trained, and able to properly and safely handle boiling hot liquid;

(g) Otherwise, being negligent and legally liable under applicable law.

46. As a direct and proximate result of UNITED's actions and omissions, the Plaintiff sustained permanent injury including, but not limited to:

(a) Bodily injury, scarring, resulting pain, suffering, disability, and disfigurement;

(b) Mental anguish;

(c) Loss of capacity for the enjoyment of life;

(d) Loss of earning and loss of ability to earn money; and

(e) Hospitalization, medical treatment and care which losses are either permanent or will continue in the future.

WHEREFORE, the Plaintiff demands judgment in excess of the jurisdictional limits of this Court against UNITED for compensatory damages and costs, together with interest and such other relief as this Court deems appropriate.

## THIRD CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff incorporates by reference the allegations in paragraphs 1 – 47 as if fully set forth herein.

48. A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is 'so extreme as

1   to exceed all bounds that is usually tolerated in a civilized community.' And the defendant's
2   conduct must be 'intended to inflict injury or engaged in with the realization that injury will
3   result.'

4       (a) Here, the acts of UNITED were intentional, or at a minimum, committed with reckless disregard to Plaintiff's safety and well-being, as shown by the fact they refused to provide Plaintiff with adequate medical assistance after the scalding hot beverage was spilled onto her body. This act is extreme and outrageous because the employees clearly saw and were aware that Plaintiff was in severe pain, and refused to take care of her. Plaintiff called to their attention during the long flight but to no avail. Their callous attitude towards Plaintiff was outside of the standards of a civilized community because Plaintiff had to endure pain for hours with limited to no medical assistance in a confined place.

49. Plaintiff was met with apathy and inconsistent care that fell far below even minimal standards. UNITED's refusal to follow basic burn treatment protocol and failure to act with urgency or compassion shocks the conscience and reflects a callous disregard for the customer.

50. UNITED misled Plaintiff into declining potentially critical inflight medical intervention because they misrepresented their own policies and failed to explain the nature of assistance available.

51. UNITED further compounded this misconduct by failing to provide the promised assistance on arrival, leaving Plaintiff to navigate the airport unsupported, humiliated, and in severe pain.

52. Plaintiff was made to re-live the trauma experienced, especially when she was inappropriately forced to explain her untreated wounds to another flight attendant, only to be told that her dressing could not be changed.

53. Plaintiff suffered extreme emotional distress because of this conduct, which led her to multiple hospital visits upon arrival to the United States.

54. Such acts are the actual and proximate cause of Plaintiff's emotional distress.

WHEREFORE, the Plaintiff demands judgment in excess of the jurisdictional limits of this Court against UNITED for compensatory damages and costs, together with interest and such other

relief as this Court deems appropriate.

Plaintiff requests relief as hereinafter provided.

### PRAYER FOR RELIEF

55. Plaintiff, ANGELA A. McCONNELL, demands judgment for general damages against Defendant, UNITED AIRLINES INC., in excess of Seventy-Five Thousand Dollars ($75,000), and exceeding the Montreal Convention Special Drawing Rights (SDRs) together with costs and for such other and further relief as this courts deems just and proper under these premises and herby demands a trial by jury of all issues triable as a matter of right by a jury.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**As to the First Cause of Action: Violation of the Montreal Convention**

1. General Damages;
2. Special Damages;
3. Costs of Suit; and
4. Such other relief as the Court finds just and proper.

**As to the Second Cause of Action: Negligence**

1. General Damages;
2. Special Damages;
3. Costs of Suit; and
4. Such other relief as the Court finds just and proper.

**As to the Third Cause of Action: Intentional Infliction of Emotional Distress**

1. General Damages;
2. Special Damages;
3. Costs of Suit; and
4. Such other relief as the Court finds just and proper.

DATED: July 11, 2025

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: */s/ John L. Langdoc*
John L. Langdoc

Attorneys for Plaintiffs